# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEL J. ADAM,

              Plaintiff,

v.

TEMU BROWN, MATTTHEW
PETERSON, AMY VAUGHN, TRACY
LEWANDOWSKI, ASHLEY
ROBINSON, MICHELE WOZNIAK,
REAHNA MILLIER, TRACY
MCKINNEY, WELLPATH, and
WAUKESHA COUNTY,

              Defendants.

Case No. 26-CV-10-JPS

**ORDER**

---

Plaintiff Daniel J. Adam, an inmate currently confined in Prairie du Chien Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. This Order screens Plaintiff's complaint and resolves Plaintiff's motion for leave to proceed without prepaying the filing fee.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 6, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $17.14. ECF No. 16. Plaintiff paid that fee on April 30, 2026. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or

the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Temu Brown ("Brown"), Matthew Peterson ("Peterson"), Amy Vaughn ("Vaughn"), Tracy Lewandowski ("Lewandowski"), Ashley Robinson ("Robinson"), Michele Wozniak ("Wozniak"), Reahna Miller ("Miller"), Tracy McKinney ("McKinney"), Wellpath, and Waukesha County. ECF No. 1 at 1. Plaintiff previously had a cervical fusion in 2012 due to broken discs in his neck. *Id.* at 4. In 2013, Plaintiff was diagnosed with relapse-remitting multiple sclerosis. *Id.* In May 2017, X-rays showed broken screws from the cervical fusion. *Id.* In December 2004, Plaintiff was diagnosed with neuro cardiogenic syniope heart disease. *Id.* In September 2011, Plaintiff was diagnosed with degenerative disk disorder and three broken discs. *Id.* In May 2025, Plaintiff had a surgical cervical procedure. *Id.* Later that month, Plaintiff's multiple sclerosis diagnosis was upgraded to primary progressive. *Id.*

Plaintiff was arrested on June 18, 2025 and was transferred to Waukesha County Jail the following day. *Id.* Plaintiff informed staff during intake about his medical conditions and his medications. *Id.* Plaintiff was prescribed multiple medications that would be harmful to abruptly stop. *Id.* Despite telling medical staff, he was not given his needed medication. *Id.* On June 23, 2025, Plaintiff was told that Brown would not allow him to

have his medications. *Id.*at 5. Plaintiff requested to see a doctor that day and in many other requests through July. *Id.* Plaintiff informed staff that his medications were ineffective for his pain and that he was requesting accommodations for his disability. *Id.*

On August 4, 2025, Plaintiff was taken off site to see his neurologist. *Id.* The neurologist again prescribed Plaintiff various medications and explained why he needed them. *Id.* The neurologist sent the list of medications to the Waukesha County Jail. *Id.* The doctors ignored the prescriptions as a result of indifference or policy. *Id.* Wellpath and Waukesha County Jail are responsible for setting policy and training medical staff. *Id.* Plaintiff continued filing requests for medical help through October. *Id.* All named defendants were aware of Plaintiff's need for care and ignored the recommendation of his specialist. *Id.*

### 2.3 Analysis

A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)).[1] Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. *Id.* First, he must show that the defendant acted purposefully, knowingly, or recklessly when considering the consequences of her response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must

---

[1]The Court notes that it is not entirely clear whether Plaintiff was a pretrial detainee or prisoner at the time of his allegations. Defendants may later raise the issue if they believe the Eighth Amendment standard should apply instead.

show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

The Court finds that Plaintiff may proceed against Defendants Brown, Peterson, Vaughn, Lewandowski, Robinson, Wozniak, Miller, and McKinney on a Fourteenth Amendment medical claim for their failure to adequately treat his serious medical conditions. Plaintiff alleges that these defendants were aware of his medical conditions and ignored a specialist's medication recommendation. Plaintiff further alleges suffering pain for months as a result of Defendants' actions and delay in adequate medical treatment. As such, the Court finds that Plaintiff may proceed against Defendants Brown, Peterson, Vaughn, Lewandowski, Robinson, Wozniak, Miller, and McKinney on a Fourteenth Amendment medical claim.

The Court does not find that Plaintiff sufficiently states a claim against Waukesha County or Wellpath. To state a municipal liability claim under Section 1983, a plaintiff must allege that he suffered a constitutional injury and that the municipality authorized or maintained a custom of approving the unconstitutional conduct. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). In a case against a private contractor that provides care to incarcerated people, the "critical question" for liability is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Mere legal conclusions that a municipality or corporation is liable are not enough; the complaint must include facts supporting those conclusions. *Iqbal*, 556 U.S. at 678. Here, Plaintiff does not allege facts to suggest that Waukesha County or Wellpath approved or maintained a policy of unconstitutional conduct. The Court will therefore dismiss these defendants for the failure to state a claim against them.

**3. MOTION TO APPOINT COUNSEL**

The Court will deny Plaintiff's motion to appoint counsel without prejudice. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide counsel for a prisoner, he has at least made a good-faith effort to avoid those costs by getting a lawyer himself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking his case. If he learns that some of the lawyers he has contacted do not, he should reach out to others before he concludes that no one will help him.

Here, Plaintiff has submitted no evidence that he contacted any attorneys to represent him in this case. ECF No. 4. Plaintiff includes no

documentation of any requests, nor does he list any attorneys he contacted. *Id.* As such, the Court finds that Plaintiff has failed to satisfy the first *Pruitt* factor and his motion will therefore be denied without prejudice. Plaintiff may renew his request, if needed, and cure the deficiencies identified in this Order.

**4. CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment medical claim against Defendants Brown, Peterson, Vaughn, Lewandowski, Robinson, Wozniak, Miller, and McKinney.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 4, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Wellpath and Waukesha County be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this Order upon Defendants **Brown, Peterson, Vaughn, Lewandowski, Robinson, Wozniak, Miller, and McKinney** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is

advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Brown, Peterson, Vaughn, Lewandowski, Robinson, Wozniak, Miller, and McKinney shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D.

Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $332.86 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.